UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY O.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-1515 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found anxiety and depression are severe impairments, plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels subject to other non-exertional and mental limitations; and plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs that exist in the national economy. Tr. 45-51.

Plaintiff contends the ALJ misevaluated the opinions of Jan Kouzes, Ed.D., Thomas Clifford, Ph.D., and Leslie Postovoit, Ph.D. and the Court should remand the case for further proceedings. Dkt. 8. These doctors opined plaintiff is moderately limited in his ability to perform activities within a schedule, maintain regular attendance, be punctual and complete a normal work day or week. Dkt. 8 at 3. The ALJ erred, plaintiff argues, by giving the opinions great weight but "no reason to reject" them. *Id.* at 3-4.

1 | The Commissioner agrees the ALJ gave the opinions great weight but disagrees the ALJ rejected their opinions. Dkt. 11 at 2. The Commissioner argues, and the ALJ found, Drs. Clifford and Postovoit opined plaintiff can carry out short and simple instructions and while his mental conditions may affect his concentration, pace and persistence, plaintiff "would be capable of completing a normal work day and week." Tr. 49; Dkt. 11 at 2. The ALJ also found Dr. Clifford opined plaintiff can perform work with no more than superficial public contact and has no limitations in adaptation, understanding or memory. Tr. 49. Dr. Postovoit affirmed Dr. Clifford's opinions.

The Court rejects plaintiff's argument the ALJ rejected the doctors' opinions without giving a reason. Rather the ALJ accepted their opinions plaintiff could complete a work day and week with the limits noted above. Given this, the Court cannot say the ALJ unreasonably failed to account for the work limitations set forth by Drs. Clifford and Postovoit. Both doctors noted plaintiff's moderate limitations, concluded he could nonetheless complete a normal work day or week, and opined plaintiff was "not disabled." Tr. 154. The Court accordingly finds the ALJ did not harmfully err in assessing these doctors' opinions.

The ALJ also gave great weight to Dr. Kouzes' opinions finding his opinions are consistent with the opinions of Drs. Clifford and Postovoit. Tr. 49. Dr. Kouzes found plaintiff had no or mild limitations in the ability to perform eight of thirteen basic work activities, Tr. 881-82, that plaintiff's mental status exam showed he is within normal limits in all categories, Tr. 883-84, and the duration of plaintiff's impairments is 9-12 months. Tr. 882. Dr. Kouzes did not state plaintiff was unable to perform gainful work activity.

The ALJ did not reject Dr. Kouzes' opinions without giving any reason. Rather the ALJ stated Dr. Kouzes' opinions is consistent with the opinions of Drs. Clifford and Postovoits who

opined plaintiff could perform work subject to certain limitations. Based upon this interpretation the ALJ made a RFC determination that included the limits Drs. Clifford and Postovoits assessed. The Court cannot say the ALJ erred because it is appropriate for the ALJ to translate an opinion about a claimant's condition where there is other evidence that provide opinions about the specific concrete restrictions caused by the claimant's condition. *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008). That is what the ALJ did in interpreting Dr. Kouzes' opinion as consistent with the opinions of Drs. Clifford and Postovoit. Dkt. 11 at 3. The Court thus affirms the ALJ's determination that Dr. Kouzes' opinion is consistent with and therefore sets the same limitations articulated by Drs. Clifford and Postovoit.

The Court accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 6th day of February, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge